UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES ERNEST DICKERSON,

        Plaintiff,

v.

SARGEANT KAMMERZELL,

        Defendant.

Case No. C06-5263 FDB/KLS

ORDER TO SHOW CAUSE

      This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. This matter comes before the Court on plaintiff's filing of an application to proceed *in forma pauperis* and a civil rights complaint under 42 U.S.C. § 1983. To file a complaint and initiate legal proceedings plaintiff must pay a filing fee of $350.00 or file a proper application to proceed *in forma pauperis*.

      On May 15, 2006, the Clerk received plaintiff's complaint. (Dkt. # 1). On May 17, 2006, the Clerk sent plaintiff a letter informing him that he must either pay the court filing fee or submit a proper application to proceed *in forma pauperis* by June 14, 2006, or this matter could be subject to dismissal. (Dkt. # 2). On July 7, 2006, the plaintiff submitted an application to proceed *in forma pauperis*. However, plaintiff failed to submit a trust account statement as required.

      Pursuant to 28 U.S.C. § 1915(a)(2):

  A prisoner seeking to bring a civil action or appeal a judgment in a civil action or

ORDER
Page - 1

proceeding without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff thus was required to submit a statement showing the balance and activity of his account for the six-month period immediately preceding the filing of his complaint.

Accordingly, the Court orders the following:

(1) Plaintiff shall seek to cure the above deficiency by paying the full $350.00 court filing fee or filing a proper application to proceed *in forma pauperis* **no later than August 7, 2006**. **Failure to cure this deficiency by the above date shall be deemed a failure to properly prosecute this matter and the court will recommend dismissal of this matter.**

(2) The Clerk is directed to send a copy of this Order to plaintiff.

DATED this 18th day of July, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 2