UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES ERNEST DICKERSON,

    Plaintiff,

v.

SERGEANT KAMMERZELL

    Defendant.

Case No. C06-5263 FDB/KLS

ORDER TO SHOW CAUSE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

    This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis*. Before the court for review is plaintiff's proposed civil rights complaint in which plaintiff names Sergeant Kammerzell as defendant, and alleges that his access to a religious mail item was denied. (Dkt. #1). Plaintiff also alleges that a grievance process is ongoing, but not complete. (Id.) The court finds that plaintiff must show cause why his complaint should not be dismissed for failure to exhaust his administrative remedies.

    The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the PLRA states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

    This requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). Further, "[a]ll 'available' remedies" must be exhausted, "[e]ven when the prisoner seeks relief not available in grievance proceedings." Id. at 524. Inmates must exhaust prison grievance remedies before filing suit if the grievance system is capable of providing any

ORDER
Page - 1

relief or taking any action in response to the grievance. Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819, 1825 (2001).

The Supreme Court recently reaffirmed this in Woodford v. Ngo. 548 U.S. ___, No. 05-416 at 1 (2006). In that case, the Court not only upheld the requirement that the inmates fully exhaust available administrative remedies, but it also held that those attempts needed to be done in a timely manner. Id. at 11.

In his proposed civil complaint, plaintiff indicates that the grievance process is not complete. Accordingly, the record reflects that plaintiff filed this lawsuit prematurely and has not yet fully exhausted his administrative remedies. Because it appears that plaintiff has failed to exhaust his available administrative remedies, plaintiff must show cause why this case should not be dismissed.

Accordingly, it is ORDERED:

1. Plaintiff shall show cause why his complaint should not be dismissed. A response is due by **September 1, 2006.** If plaintiff fails to file a response or the response shows the plaintiff cannot go forward the court will enter a report and recommendation that the complaint be dismissed.

2. The Court Clerk is directed to send a copy of this Order to plaintiff.

DATED this   2nd   day of August, 2006.

Karen L. Strombom
United States Magistrate Judge